STATE OF MAINE
HANCOCK, SS.

SUPERIOR COURT
Docket No. CV-02-49
AMM - HIN - 3/5 2004

RALPH and KATRINA )
NORWOOD, )
            Plaintiffs, )
                       )
                       )
                       )
          v.           )     **DECISION AND JUDGMENT**
                       )
                       )
DAVID A. KETTELL and   )
DONALD R. JEWETT,      )
            Defendants. )

MAY 25 2004

The parties own adjoining parcels of property in Bucksport, Maine. A dispute has arisen regarding the boundary lines which separate their respective properties. The issues were cogently and clearly presented to the court by counsel at trial held January 26, 2004. Counsel submitted excellent memoranda of law thereafter which have been considered by the court.

The property in question was once owned in its entirety by Anna Young (Defendant Kettell's aunt). She conveyed the parcel to Hjalmar and Ruth Kettell (Defendant Kettell's parents) by deed dated October 25, 1955. Some years later in 1960, the Kettells conveyed a part of the subject property to Defendant Kettell. Shortly thereafter in 1961, the Kettells conveyed the entire parcel (minus the piece given to their son) back to Anna Young.

By deed dated January 3, 1963, Anna Young carved out a piece of property on the Bucksport tract and conveyed it to Malcolm and Mary MacDonald.[1]

By deed dated January 14, 1963, Defendant Kettell purported to convey to Anna Young his interest(s) in the property which Anna conveyed to the MacDonalds. The interpretation of this conveyance is central to the outcome of this matter. The Kettell to Young Release Deed provides:

> I, David A. Kettell of Bucksport, County of Hancock, and State of Maine in consideration of One ($1.00) Dollar and other valuable considerations paid by Anna K. Young of Bucksport, County of Hancock and State of Maine the receipt whereof is hereby acknowledged, do hereby remise, release, sell and forever quit-claim unto the said Anna K. Young, her heirs and assigns forever, All my right, title and interest in and to the property located in Bucksport, County of Hancock and State of Maine, and more particularly described in a certain deed from Anna K. Young to Malcolm E. and Mary MacDonald, dated January 3, 1963 to be recorded in Hancock County Registry of Deeds; and more specifically in and to any right of way over, on and across said premises. The purpose of this deed is to clarify any ambiguity which might arise under and by virtue of the deed of Hjalmar F. Kettell and Ruth I Kettell to me, dated October 3, 1960, recorded

---

[1] - This piece eventually came to be owned by the Plaintiff herein without change in description.

in said Registry of Deeds, Vo. 873, page 69. To have and to hold the above released premises, with all the privileges and appurtenances thereof to the said Anna K. Young, her heirs and assigns forever.

The court deems the terms and conditions of the Release Deed to be unambiguous. Although the reason for the deed may be unclear (perhaps the description in Anna's deed to the MacDonald's encroached into David Kettell's property), David Kettell clearly and unambiguously conveyed "...All [his] right, title and interest..." in any property described in Anna's conveyance to the MacDonalds. The fact that he also specifically released any right to traverse the property (i.e.- by easement or other right of way) does not delimit the previous global release of his title to the property.

The parties' surveyors are at odds regarding the actual boundaries of the MacDonald/ Norwood property. The court finds the opinion of Allen Gordon to be persuasive and appropriate. The court is satisfied that Gordon based his opinion upon appropriate monumentation and a correct interpretation of the underlying deeds.

The court finds that Defendant Jewett removed or disturbed boundary line markers as set by surveyor Gordon and removed timber from the disputed parcel. The cost to replace the markers is $500 and the value of the timber is $775.69. The court finds that such actions were undertaken negligently, but not intentionally.

DECLARATORY JUDGMENT (Count I)

Plaintiffs are the record owners of real estate in Bucksport, Maine, as described in a deed to them from Sally Tournquist Dated August 23, 2001, recorded in the Hancock County Registry of Deeds at Volume 3143, Page 164, and as depicted by boundary lines drawn by Allan Gordon, Jr., admitted into evidence in these proceedings and attached hereto as Exhibit A.

TRESPASS (Count II)

Judgment is granted against Defendant Jewett in the amount of $500 for the markers, double damages for timber in the amount of $1551.38, and attorney's fees of $10,732.53, plus interest. Plaintiff are awarded their costs against both Defendants.

Count III (seeking injunctive relief) is dismissed upon Plaintiffs' motion.

The Clerk may incorporate this Decision and Judgment upon the docket by reference.

Dated: March 4, 2004

_____
Andrew M. Mead
JUSTICE, MAINE SUPERIOR COURT

FILED &
ENTERED

MAR 05 2004

SUPERIOR COURT
HANCOCK COUNTY



WORKSHEET
DEPICTING
NORTHERLY BOUNDARY OF LAND OF
RALPH E. NORWOOD
KATRINA A. NORWOOD
HANCOCK COUNTY REGISTRY OF DEEDS – VOL. 3143, PG. 164
RIVER ROAD – BUCKSPORT, MAINE

SCALE:    1" = 200'

PLISGA & DAY
LAND SURVEYORS

EXHIBIT

A

tabbies®

STATE OF MAINE
HANCOCK, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No.: CV-02-49
AMM - HAN - 5/10/2004

RALPH and KATRINA NORWOOD, )
of Bucksport, County of Hancock, )
State of Maine )
)
)
        Plaintiffs )
)
)
  v. )
)
)  **FINDINGS OF FACT AND**
DAVID A. KETTELL and DONALD R. )  **CONCLUSIONS OF LAW**
JEWETT, both of Bucksport, County of )
Hancock, State of Maine )
)        DONALD L. [illegible]
)            LAW [illegible]
        Defendants )

JUN 29 2004

1. Plaintiffs and Defendants own adjoining parcels of land in Bucksport, Maine which share a common boundary line. At one time, the Plaintiffs' and Defendants' parcels all comprised a single parcel with a common owner, Anna Young, Defendant Kettell's aunt. Plaintiffs own a parcel which extends (with the exception of four parcels between the Plaintiff's parcel and the road) from the River Road in Bucksport to the so-called range line, also noted to be the boundary to a parcel now or formerly owned by Stephen A. and Annie Norton. Defendant Kettell owned the adjoining parcel immediately north of the Plaintiffs' parcel; he conveyed a portion of that parcel from the range line to a line approximately one-third of the way between the range line to the River Road to Defendant Jewett in 2001.

2. Defendant Kettell acquired the above-referenced parcel by virtue of a deed from his parents, Hjalmar and Ruth Kettell pursuant to a deed dated October 3, 1960, and recorded in the Hancock County Registry of Deeds at Volume 873, Page 69. Hjalmar and Ruth Kettell had acquired this parcel from Anna Young

3. On January 3, 1963, Anna Young conveyed a parcel to Malcolm and Mary MacDonald in a warranty deed recorded at Volume 925, Page 181. Some of the property conveyed by this deed overlaps with the property described in the deed from Hjalmar and Ruth Kettell to Defendant Kettell referenced above.

4. On January 14, 1963, in a release deed recorded at Volume 925, Page 179, Defendant Kettell conveyed all his right, title and interest in the property

described in the Young to MacDonald deed to Anna Young. This deed resolved the conflict in ownership created when Anna Young conveyed a parcel to the MacDonalds which overlapped with the property owned by Defendant Kettell. By releasing all his right, title and interest in that property, Defendant Kettell released any claim to the property in the Young to MacDonald deed which overlapped with his. By virtue of the fact that the Young to MacDonald deed was a warranty deed conveying all the property described therein to the MacDonalds, the after-acquired property conveyed in the Kettell to Young deed devolved to the MacDonalds.

5. The language of the Kettell to Young deed is clear and unambiguous. In that deed Defendant Kettell releases "All my right title and interest in and to the property... more particularly described in a certain deed from Anna K. Young to Malcolm E. and Mary MacDonald, dated January 3, 1963..." That language unambiguously releases any claim which Defendant Kettell may have had to any property conveyed to the MacDonalds.

6. Although the Kettell to Young deed also references Defendant Kettell's release of any right of way across the property, that language does not in any way limit the general language of release of all of Defendant Kettell's right to claim any of the property conveyed in the MacDonald deed. If anything, it clarifies that Defendant Kettell is releasing both any claim of title to the property along with any claim to pass across it. This language in the deed does not create any ambiguity.

7. Plaintiffs acquired their interest in the subject property on or about August 23, 2001, in a deed from Sally Tournquist to the Plaintiffs recorded at Volume 3143, Page 164. With the exception of outconveyances not here relevant, the parcel which the Plaintiffs acquired is the same parcel conveyed in the January 3, 1963 deed from Young to MacDonald. By virtue of an unbroken chain of title from Anna Young to the MacDonalds to the Plaintiffs, the Plaintiffs' deed conveyed to them the same property to which Defendant Kettell had released all his rights in the January 14, 1963 deed which he gave to his aunt, Anna Young.

8. After a dispute arose between the parties regarding the location of the boundary between their parcels, Plaintiffs hired Allan Gordon, Jr., a registered land surveyor, to provide his opinion regarding the location of the boundary. Mr. Gordon reviewed all of the relevant documents in the chain of title and has conducted a survey of the disputed property. Mr. Gordon located the monuments referenced in the deeds on the face of the earth and, in the instances where the monuments can no longer be found, retraced the locations where those monuments had previously existed. Those locations correspond with the boundaries which Mr. Gordon noted on his survey and worksheet attached hereto as Exhibit A. Mr. Gordon's boundary line is marked on that survey as "Boundary line described in Vol. 3143 - Pg. 164." The Court accepts Mr. Gordon's opinion

2

regarding the location of the boundary and finds that the boundary between the property owned by the Plaintiffs and the Defendants is as Mr. Gordon has located on the face of the earth in his survey. Mr. Gordon's opinion is internally consistent and corresponds to the monuments which he testified he found on the face of the earth.

9. Defendants also retained a surveyor, Malcolm Harriman, to provide his opinion regarding the location of the boundary. The Court declines to accept Mr. Harriman's opinion. His opinion conflicts with or ignores some of the undisputed facts in this case. For example, Mr. Harriman disregards references in the Young to MacDonald deed regarding the width of the parcel and the size of the parcel conveyed. He also ignores the fact that the MacDonalds built their home on a parcel which, in his opinion, was owned by Defendant Kettell. Mr. Harriman also reads the Kettell to Young deed as releasing only a right of way across the parcel, not as a release of all of Defendant Kettell's interest in the parcel. As found previously, the Court has specifically rejected that argument. For these reasons, the Court rejects Mr. Harriman's opinion.

10. Defendant Jewett admits that he removed markers placed by Mr. Gordon to denote the property line. He also admits that he cut timber located in the parcel in dispute in this matter. The cost to replace the markers is $500.00 and the value of the sawlogs, topwood and pulpwood cut by Defendant Jewett is $775.69.

11. Defendant Jewett admitted that he knew that the location of the boundary was uncertain and that the Plaintiffs claimed the boundary was located where Mr. Gordon had placed the boundary markers. He also admitted that he knew that the timber which he cut was located on the parcel in dispute. Under these circumstances the Court finds that Defendant Jewett acted negligently in removing the markers and cutting the timber.

12. The Court finds Defendant Jewett liable to Plaintiffs in the amount of $500.00 for the damage to the boundary markers and double damages of $1,551.38 for the timber and attorneys fees of $10,732.53.

Dated: May 10, 2004

_____
Justice, Maine Superior Court

**FILED & ENTERED**

MAY 1 0 2004

**SUPERIOR COURT HANCOCK COUNTY**

WORKSHEET
DEPICTING
NORTHERLY BOUNDARY OF LAND OF
RALPH E. NORWOOD
KATRINA A. NORWOOD
HANCOCK COUNTY REGISTRY OF DEEDS – VOL. 3143, PG. 164
RIVER ROAD – BUCKSPORT, MAINE

N

SCALE:  1" = 200'

PLISGA & DAY
LAND SURVEYORS

EXHIBIT

A

tabbies®